## Sadie Klinghammer, Appellee, v. Julius Hoffman, Appellant.

1. Master and servant, § 849*—*when master is liable for the wilful and wanton acts of servant.* Under the law of this state the master is responsible for wilful or wanton acts of the servant done within the general scope of his employment while engaged in his master's business with a view to the furtherance of that business.

2. Master and servant, § 849*—*when master liable for wilful acts of servant in management of horse.* Where an owner of a horse directed his servant to take the horse out on the highway to

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

feed and graze and the servant while riding the horse wilfully guided it so as to run against and injure a pedestrian, *held* that the servant's acts were committed by him in the scope of his employment and the master was liable.

3. MASTER AND SERVANT, § 866*—*when statement of servant to third parties elicited on cross-examination admissible.* In an action against the owner of horses to recover for injuries sustained by plaintiff through the negligence of defendant's servant in riding a horse on the highway so as to cause it to run against plaintiff, a statement made by the servant to third parties, brought out on cross-examination, *held* competent so far as it went to the credibility of his statement as to how the accident occurred, and therefore properly admitted

Appeal from the Circuit Court of Fayette county; the Hon. AL-BERT M. ROSE, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 1, 1914.

BROWN & BURNSIDE, for appellant.

ALBERT & MATHENY, for appellee.

MR. JUSTICE HARRIS delivered the opinion of the court.

This is a suit in trespass by appellee against appellant for damages to the amount of $5,000. The declaration, consisting of two counts, in substance charges as follows: That the defendant, Julius Hoffman, is the owner and in possession and having the management and control of divers horses in said county; and that on the 8th day of August, 1912, said defendant placed said horses in the care and custody of his servants, one of which said servants was Victor Hoffman, with direction from said defendant to said servant to take and ride said horses upon and along the public highways in said county and to allow said horses to feed upon and along the said highways, and then return said horses to the home of defendant; and that while plaintiff was traveling along one of the highways in said county, in the exercise of due care and caution

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

for her own safety, the said defendant by his said servant and agent, who was then and there riding one of said horses, carelessly, negligently and wantonly directed said horse towards plaintiff and against said plaintiff, knocking plaintiff down, greatly bruising, injuring plaintiff and from which plaintiff suffered great pain, was permanently injured, and that the said Victor Hoffman was at the time of so riding and driving said horse within the scope of his employment.

The general issue was filed by defendant. Trial by jury and verdict returned for the sum of $850. The clerk in entering said judgment of record committed error in entering the judgment against Julius Hoffman and Victor Hoffman, which entry so made did not speak the truth, and which said error has since this appeal been corrected.

The points argued by counsel for appellant for a reversal of this case may be grouped as follows:

First.   Because under the facts detailed in evidence appellant is not liable.

Second.   The giving of appellee's second instruction, modification of appellant's instructions and the admission of incompetent evidence.

Third.   That the damages allowed are excessive.

Under the first and second propositions it is insisted by counsel that if as testified to by some of the witnesses the appellant's servant turned his horse and guided it towards appellee, that was intentionally or wilfully done and was not within the scope of his employment. This would be a narrow construction of the law as applied to this case. It is not disputed that this servant had been by the master sent upon the highway with a horse to feed and graze and return to the home of appellant. The scope of the servant's employment, or rather the purposes of the master from the directions given to his servant, was the management of the horse on the highway while going, feed-

ing and returning home, and while the servant was so engaged the master vouched for him as a reasonably prudent and safe driver of the horse in question.

Under the law of this State the master is responsible for the acts (wilful or wanton) of the servant done within the general scope of his employment while engaged in his master's business with a view to the furtherance of that business.

The application of the law to the evidence in this case would make appellant responsible for the acts of Victor Hoffman at the time in question. The form of appellee's given instruction number two, while not technically correct was not misleading, and the same is true of the modification of appellant's instruction when considered with the series of instructions given. The error in form does not go to the merits of the case and was not reversible error.

Appellant insists the admission of the statement of Victor Hoffman, brought out on cross-examination, made to third parties was incompetent and prejudicial to appellant as tending to show by the statement of the servant that the act was wilfully done. There was a conflict in the evidence as to whether the appellant rode his horse towards and upon appellee or whether, as Victor Hoffman testified, appellee ran under the horse. The evidence was competent in so far as it went to the credibility of the witness Hoffman's statement as to how this accident occurred, If competent for that purpose it was properly admitted.

The contention of appellant as to the damages being excessive cannot be sustained because there is evidence in the record to support the amount of the verdict.

There is no reversible error in this case and the judgment will be affirmed.

*Affirmed.*